IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **VIRGINIA T. DUNN,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | Civil Action No. **3:16-CV-3213-L** |
| **BRADLEY B. MILLER,** | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

For the reasons herein explained, the court lacks subject matter jurisdiction over this action and *sua sponte* **remands** the action to the 330th Judicial District Court, Dallas County, Texas, from which it was removed.

This action was removed to federal court by pro se Defendant Bradley B. Miller ("Miller") on November 17, 2016. According to Miller's removal papers ("Notice of Removal"), the underlying state court action brought by Plaintiff Virginia T. Dunn ("Dunn") involves a divorce proceeding and dispute regarding child support and custody that has been pending since 2013. As a basis for removal, Miller relies on an October 18, 2016 state court order that denied a motion to recuse or disqualify filed by him. Miller contends that the state court's denial of his motion to recuse or disqualify the state court judge and award of various relief to Dunn supports his claims in this case for alleged violations of various federal statutes and the United States Constitution.

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking.

**Memorandum Opinion and Order – Page 1**

*Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). Federal courts have an independent duty "to examine the basis of subject matter jurisdiction sua sponte." *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008) (quoting *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004)). "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indent. Co.*, 491 F.3d 278, 281 82 (5th Cir. 2007).

Miller's removal of the state court action is in essence an attempt to appeal orders entered below in the state court action in favor of Dunn. Miller's Notice of Removal shows that he recently filed an appeal of the state court action, and, in an apparent attempt to avoid the entry of a final order and hearing scheduled for November 17, 2016, he removed the case to federal court on November 17, 2016. The court, however, lacks jurisdiction to hear any appeal of orders by the state court judge. Under the *Rooker–Feldman* doctrine, a federal district court lacks subject matter jurisdiction to review a final state court decision arising out of a judicial proceeding unless a federal statute specifically authorizes such review. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (Federal courts lack jurisdiction "over challenges to state court decisions . . . arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414-16 (1923) (holding that federal district courts do not have appellate jurisdiction to reverse or modify judgment of state court).

Moreover, it is clear that the state court action brought by Dunn does not involve any federal claims to support federal question jurisdiction, and Miller's Notice of Removal contains no information regarding the parties' citizenship or the amount in controversy needed to establish jurisdiction based on diversity. To the extent Miller asserted any defensive federal claims in the state

court action or removed the state court action in an attempt to assert such claims, they are insufficient to support subject matter jurisdiction. "[A] case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 393 (1987). "A defense that raises a federal question is inadequate to confer federal jurisdiction." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citation omitted). "Even an inevitable federal defense does not provide a basis for removal jurisdiction." *Bernhard*, 523 F.3d at 551 (citations omitted). Instead, the plaintiff's state court petition must "raise[] issues of federal law sufficient to support federal question jurisdiction." *Rodriguez v. Pacificare of Tex., Inc.*, 980 F.2d 1014, 1017 (5th Cir. 1993) (citation omitted). Again, there is nothing in the Notice of Removal that indicates that Dunn's pleadings in the state court divorce and custody action raised any federal issues.

Accordingly, subject matter jurisdiction is lacking. The court, therefore, *sua sponte* **remands** the action to the 330th Judicial District Court, Dallas County, Texas, from which it was removed. The clerk of the court is **directed** to effect the remand in accordance with the usual procedure and term all pending motions in this case.

**It is so ordered** this 18th day of November, 2016.

Sam A. Lindsay
United States District Judge